IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIE INDEMNITY COMPANY,

   Plaintiff,

     v.

ACUITY, A MUTUAL INSURANCE
CO., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0174-TWT

OPINION AND ORDER

This is a declaratory judgment action arising out of an insurance coverage dispute. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 34] and the Motion to Dismiss [Doc. 38] of Defendants Acuity Insurance Co., and Century Industries Corp. For the reasons set forth below, the Defendants' motion to dismiss is GRANTED, and the Plaintiff's motion for summary judgment is DENIED as moot.

I. BACKGROUND

In November 2003, Defendant Daryl L. Smith traveled to Atlanta, Georgia, on behalf of his employer, Defendant Century Industries Corp. ("Century"). While driving a rental car during that business trip, Smith was involved in a motor vehicle

accident with Defendant Thomas D. Ryan, Jr. (Am. Compl. ¶ 10.) On May 5, 2005, Ryan filed a complaint in the State Court of Fulton County, Georgia, alleging negligence on the part of Smith and seeking damages for the injuries he suffered as a result of the accident. (Am. Compl. ¶ 11; Compl., Ex. C.) Ryan later amended his complaint to add Century as a defendant. That case is still pending.

At the time of the motor vehicle collision, Smith was personally insured by Plaintiff Defendant Erie Indemnity Co. ("Erie") under Erie Insurance Policy No. Q08-7504676. (Am. Compl. ¶ 8.) Liability insurance coverage was provided to Century, Smith's employer, by Defendant Acuity, a Mutual Insurance Co. ("Acuity"). This policy was also in effect on the date of the collision. (Am. Compl. ¶ 9.) Following the motor vehicle collision and before Ryan filed his negligence suit, Acuity notified Erie of its position that Erie has primary coverage for the collision. (Compl., Ex. D.) Erie contends, however, that Acuity has primary coverage because the Acuity policy expressly provides for primary coverage for rental cars. Erie filed this declaratory judgment action, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a determination that Acuity, rather than Erie, has primary coverage for the collision. Erie moves for summary judgment. Defendants Acuity and Century move for dismissal because liability on the part of neither Smith nor Century has been determined.

## II.  DISCUSSION

The Declaratory Judgment Act provides that: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a determination, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The threshold question in a declaratory judgment action is whether an "actual controversy" exists.  Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995).  The "actual controversy" requirement of the Declaratory Judgment Act is similar to the "case or controversy" requirement of Article III, section 2 of the United States Constitution.  Id.  In essence, the issue is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

If an "actual controversy" can be shown, a federal court has jurisdiction to award declaratory judgment relief.  However, the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."  Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005). Accordingly, a district court has substantial discretion in deciding whether

to entertain a declaratory judgment action, even if the action properly falls within the court's jurisdiction.  See American Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960)[1] ("The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense.").

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.  Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  The court's decision whether to adjudicate a claim within its jurisdiction "yields to considerations of practicality and wise judicial administration."  Id.

Erie filed this action seeking a declaration that Acuity has primary coverage for any liability due to the motor vehicle collision between Smith and Ryan.[2]  The parties

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

[2] In their briefs, the Defendants briefly discussed Erie's duty to defend its insured in the state court litigation.  Erie makes clear, however, that the issue of its duty to defend is not before this Court and has no bearing on the declaratory relief

do not contend that there is an absence of an "actual controversy."[3] Rather, the Defendants argue that the Court should exercise its discretion to decline to hear Erie's declaratory judgment action because the underlying liability issue has yet to be determined. The Defendants' argument is supported by the decisions of numerous courts, including the Eleventh Circuit Court of Appeals.

The duty to indemnify, or provide coverage to, an insured party is triggered only when the insured is determined to be liable for damages within the policy's coverage. As a result, the Eleventh Circuit has "cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured." Edwards, 747 F.2d at 686 (citing American Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Co., 280 F.2d 453 (5th Cir. 1960)). District courts within this circuit have consistently heeded this admonition and declined to declare insurers' indemnity obligations absent a liability determination in the underlying case. See Employers Mut. Cas. Co. v. All Seasons Window & Door

---

sought. (Pl.'s Reply at 4.)

[3]The Supreme Court has held that, for purposes of declaratory relief, an "actual controversy" exists in the context of an insurance coverage dispute even absent a judgment against the insured. Maryland Cas. Co., 312 U.S. at 273-74; Edwards v. Sharkey, 747 F.2d 684, 686-87 (11th Cir. 1984).

Mfg., Inc., 387 F. Supp. 2d 1205, 1211 n.10 (S.D. Ala. 2005) (collecting cases); Great N. Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67, 70 (N.D. Ga. 1968) ("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur."). Other courts have likewise found declaratory relief to be inappropriate under such circumstances. See, e.g., Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); American States Ins. Co. v. Component Techs., Inc., 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action.") (citations omitted). For instance, in Century Indemnity Co. v. McGillacuty's, Inc., 820 F.2d 269, 270 (8th Cir. 1987), the Eighth Circuit echoed the caution advised by the Eleventh Circuit, stating that: "When an insured's liability has not yet been determined, a court should refrain from deciding which insurance company is liable for coverage, especially when coverage is admitted but they are arguing about which is the primary carrier and which is the excess carrier."

The rationale for declining to address coverage disputes before the insured's liability is established is that such a determination may be unnecessary and irrelevant and, thus, a waste of judicial resources. Lear Corp., 353 F.3d at 583; Century Indemnity Co., 820 F.2d at 271. In the context of this case, for example, if the personal injury case goes to trial and there is a Defendants' verdict, neither insurer will have to pay. In that case, the difficult coverage issue will never have to be decided.

Erie argues that the cases relied upon by the Defendants are not persuasive following the Eleventh Circuit's decision in Ameritas Variable Life Insurance Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005). In Ameritas, the Eleventh Circuit set forth a nonexclusive list of factors to guide a district court when determining whether to exercise jurisdiction over a declaratory judgment action. They are:

> (1) [T]he strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"–that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more efficient;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331. Erie contends that these factors should be considered and that they weigh in favor of retaining jurisdiction in this matter. The Court disagrees. When the Eleventh Circuit identified these factors, it was addressing the circumstances under which a district court should decline to entertain a declaratory judgment action in favor of a parallel state court action. Id. at 1329, 1331. A parallel action is one involving the same parties and the same issues. See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). In the situation of parallel actions, the district court should consider the Ameritas factors in an effort to balance state and federal interests. See Ameritas Variable Life Ins. Co., 411 F.3d at 1331. Here, however, there is not a parallel state action, a fact conceded by Erie. (See Pl.'s Resp. to Mot. to Dismiss at 15.) Neither Erie nor Acuity are named parties in the state court action. Moreover,

the issue presented in this declaratory judgment action involves a determination of primary versus secondary insurance coverage. This issue is separate from and not raised in the state court action, which deals solely with the issues of negligence and damages in the underlying motor vehicle collision. Because the pending state court action does not involve the same parties and the same issues, most of the <u>Ameritas</u> factors do not apply.

The issue of liability relating to the collision between Smith and Ryan has not been resolved in the state court action. Thus, insurance coverage, primary or otherwise, has yet to, and may never, become relevant. Yielding to considerations of judicial economy, the Court declines to rule on the coverage issue while the underlying liability action is still pending. The declaratory judgment action is dismissed without prejudice.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, the Motion to Dismiss [Doc. 38] of Defendants Acuity and Century Industries Corp. is GRANTED. The Plaintiff's Motion for Summary Judgment [Doc. 34] is, therefore, DENIED as moot. This action is DISMISSED without prejudice.

SO ORDERED, this 19 day of July, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge